**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**JUN 27 2000**

**PATRICK FISHER**
**Clerk**

WILLIAM A. BOGGS,

    Plaintiff-Appellant,

v.

RIO GRANDE INDUSTRIES, INC.
LONG-TERM DISABILITY PLAN,

    Defendant-Appellee.

No. 99-1161
(District of Colorado)
(D.C. No. 96-D-692)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **LUCERO**, Circuit Judges, and **ELLISON**, Senior District Judge.[**]

William A. Boggs ("Boggs") appeals from a judgment in favor of Rio Grande Industries, Inc. Long Term Disability Plan ("Rio Grande") on his claim for benefits under a disability plan held by his employer, the Southern Pacific Railroad.

Boggs claims he was wrongfully denied benefits from Rio Grande's long-term

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

[**] The Honorable James O. Ellison, Senior United States District Judge, Northern District of Oklahoma, sitting by designation.

disability plan. His claim is pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 et seq. We exercise jurisdiction under 28 U.S.C. §1291 and affirm the ruling of the district court.

## Factual Background

On August 16, l993, he was relieved of his duties as manager of field operations for the Pueblo train yard by his manager. At the time he was relieved of his duties, he was just a few months short of his thirty year anniversary of working for the railroad. At Bogg's request, he was given vacation status through October 20, 1993, after which his employment was to terminate. On September 27, 1993, he made a claim for disability benefits, and attached a letter from his physician, Dr. Pflum, dated September 16, 1993. On October 25, 1993, the plan administrator sent him a letter denying his claim on the ground that he was not eligible for benefits since he was no longer a non-agreement[1] employee.

The long-term disability plan defines total disability as follows: "You are considered to be totally disabled if during the first 30 months of continuous disability you are unable to perform each and every duty pertaining to your regular job because of sickness or injury. After the first 30 months of continuous disability, you are considered to be totally disabled if you are unable to engage in any occupation for which you are or reasonably become qualified based upon training, education, or experience." The plan further provides that "Your coverage under the long-term disability plan will end when your employment with the

---

[1] A non-agreement employee is an employee in a management position that does not belong to a union.

company terminated or you otherwise stop working as a full-time, salaried employee." The plan sets forth who is eligible for coverage: "If you are a regular, full-time, salaried employee of . . . Southern Pacific Transportation Company. . ., you are automatically eligible for coverage under the Long-Term Disability Plan."

The trial court heard the matter in two phases. In the first phase, the trial court determined that Mr. Boggs had not been given due process by the Rio Grande, that the Vice President of Human Resources should have considered the merits of the claim, and that because she did not, the court would conduct a *de novo* review. In the second phase, the trial court reviewed the claim on the merits and considered whether or not Mr. Boggs had a legitimate claim for disability benefits. Plaintiff's counsel argues that the court "revisited" the issue of eligibility in the second phase of trial, and determined that, because he was a man without a job, he was no longer covered under the plan at the time of his application. Plaintiff argues that the ruling that he was not covered under the plan at the time of his application is erroneous because 1) it ignores the plan administrator's express representation that, during the vacation period, he would be entitled to the same benefit coverage as all other active employees; 2) the court's interpretation of the plan would have the effect of nullifying disability coverage for employees during their vacations; 3) the court's interpretation of the plan would have the effect of denying coverage to the employee who stops working because he is disabled and subsequently applies for benefits as opposed to the worker who makes the claim and then stops working; and 4) it ignores two principles of ERISA law , one regarding

the clarity with which a circumstance resulting in disability must be described in the plan and the other that any ambiguity must be resolved in favor of the employee.

Defendant takes issue with the Plaintiff's conclusion that the trial court only decided the issue of eligibility and argues that the trial court correctly concluded that Mr. Boggs was not disabled under the terms and conditions of the plan. The defendant specifically notes findings made by the trial court on the issue of disability: 1) if Mr. Boggs has not been relieved of his duties he would have continued working in that job despite his knee problems; 2) Mr. Boggs' claim that he was totally disabled was not credible because Mr. Boggs has filed a discrimination charge claiming he had been wrongfully discharged because of age and sought reinstatement; and 3) Mr. Boggs was not credible regarding his disability because in order to claim benefits from the Railroad Retirement Board, he submitted false statements claiming he "quit" his job on August 16, 1999 because of knee pain.

Disposition

Standard of Review

The trial court, finding that the defendant failed to consider the merits of plaintiff's claim and deprived him of due process, conducted a *de novo* review "of whether Mr. Boggs was in fact disabled." The trial court specifically "consider[ed] all evidence that was at any point in time presented to the plan administrator concerning the issue of whether or not Mr. Boggs was disabled under the terms and conditions of the Plan." In this appeal of a decision of a district court in a civil action tried without a jury, we review factual findings under the

-4-

clearly erroneous standard and review legal conclusions *de novo*. Anderson v. C.L.R., 62 F.3d 1266, 1270 (10th cir. 1995).

Legal Analysis

At the outset, the Court notes that the parties differ in their understanding of the ultimate ruling of the trial court. Mr. Boggs argues that the trial court only addressed the issue of his eligibility under the policy, and asserts that the court's determination on this issue is in error. The Defendant argues that Mr. Boggs was not disabled under the terms of the plan, and that Mr. Boggs' four arguments regarding the eligibility determination are without merit. Because we agree that the trial court made factual determinations leading to an ultimate conclusion that Boggs was not disabled under the terms of the plan, and find that conclusion to be supported by the evidence, we need not visit the issue of the eligibility determination.

Although the ultimate conclusion on Mr. Boggs' disability is not spelled out as clearly as would be ideal, it is unquestionable that the trial court found Mr. Boggs to not be credible on his statements regarding his inability to do his job. Moreover, because neither the conclusion of the trial court nor our conclusion is based on the idea that "because Boggs was laid-off rather than quitting, he was not disabled *as a matter of law*," Whatley v. CNA Insurance Companies, 1999 U.S. App. LEXIS 22504 (11th Cir., Sept. 20, 1999) and Ciulla v. Usable Life, 864 F. Supp. 883 (W.D. Ark. 1993) are both distinguishable.

We are convinced that the trial court concluded that Mr. Boggs was not disabled in

light of 1) Mr. Boggs' representations to the EEOC that he was able and willing to return to the job from which he had been discharged; 2) that Mr. Boggs performed his job on a regular basis through August, 16, 1993; 3) that on August 16, 1993, Mr. Boggs believed himself able to work, and 4 ) that Mr. Boggs credibility on whether he was disabled was damaged by his statements in his charge with the EEOC and to Dr. Crosson. Plaintiff does not assert any error in these findings, and we find none. We affirm the determination of the trial court on the issue of Mr. Boggs' disability.

Entered for the Court

James O. Ellison
Senior United States District Judge